## No. 651
### UPPER ARLINGTON CO. v. LAWWELL

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1392. Decided Dec. 29, 1925

**329. COVENANTS** — Where restrictive covenant in deed prohibits the erection or maintenance of a double or duplex house, it would apply to a single house remodeled into a duplex for use of two families.

ALLREAD, J.

The Upper Arlington Co. on behalf of itself and other lot owners by this suit, sought to enjoin Mary Lawwell from maintaining a dwelling upon her lot in violation of building restrictions. By the restriction, Lawwell was prohibited from building any style of home other than one single private dwelling house not to cost less than $6,000. The erection of any double or duplex apartment was specifically prohibited.

Lawwell's house originally conformed to the restrictions, but subsequently, the house was remodeled so that there was an additional entrance from the outside providing access to the second floor which was remodeled so as to accommodate a separate family. Several other changes were made. It is claimed that the house as remodeled constitutes a maintenance of a duplex house in contravention of a restrictive covenant. Lawwell contends that the restrictive covenants as to the building relate only to the original construction and not to the remodeling.

The Court of Appeals held:

1. Although restrictive covenants are construed favorably to the owner and strictly against the restrictions, a substantial violation thereof when the meaning and intention of a covenant is clear, will be enjoined.

2. The words in the covenant recite that such duplex shall not be "erected or maintained" so that the grantor must have intended that the restrictive obligation should apply not only to the original erection of a building but to the remodeling thereof.

3. It is contended that the Company can not obtain the relief sought for because it permitted the erection of an apartment in another sub-division.

4. To make out such a plea it must be shown that the apartment house was erected in a restricted section and that the company was in some degree responsible therefor, or consented to or acquiesced in the construction thereof.

5. This has not been shown and Lawwell must restore the original condition of the house in that the interior door on the first floor at the stairway be removed, and that the kitchenette maintained on the second floor be restored so as to conform to the original design.

Decree accordingly.

Attorneys—Hamilton, Kennedy & Horner, for Company; Taylor, Harvey & Myers for Lawwell; all of Columbus.